IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**MORPHO DETECTION, INC.,**

    **Plaintiff,**

v.                       CIVIL ACTION NO. 2:11cv498

**SMITHS DETECTION, INC.,**

    **Defendant.**

## MEMORANDUM ORDER

This matter is before the Court on two motions to exclude expert testimony filed by Morpho Detection, Inc. ("Morpho") in this patent infringement suit. ECF Nos. 93 & 99. The asserted claims at issue in Morpho's U.S. Patent No. 6,815,670 (the "'670 patent") are directed to methods and devices for detecting trace amounts of materials. Morpho alleges that Smiths' IonScan 500DT product infringes the asserted claims. Such accused device contains ion mobility spectrometry ("IMS") detectors used to detect and identify organic compounds, including explosives and narcotics. For the reasons set forth below, the motion addressing Dr. Harrington's opinions, ECF No. 93, is **GRANTED,** and the motion addressing Dr. Ruthven's opinions, ECF No. 99, is **GRANTED** in part, deemed **MOOT** in part, and **DENIED** in part.

## I. Motion to Exclude Testimony of Dr. Harrington

Morpho seeks, under Fed. R. Evid. 702, to exclude the expert testimony of Peter de Boves Harrington, Ph.D. on the issue of non-infringement. In the early stages of claim construction, Morpho agreed to adopt *Smiths Detection, Inc.'s* ("*Smiths*") proposed definition for one having skill in the art of the '670 patent. That definition included the following two qualifications:

1. at least a B.S. in mechanical engineering, chemical engineering, physics, or chemistry (or equivalent experience); and

2. at least three years of work experience in designing pneumatics and gas purification systems for analytical instruments.

Morpho argues that:

> [u]nder the patent law, an expert is only allowed to opine on infringement if he or she qualifies as one skilled in the art. During his deposition, Dr. Harrington admitted that he is not skilled in the art because he does not have any experience in designing pneumatics and gas purification systems for analytical instruments. Because he does not qualify as one 'skilled in the art' under the parties' agreed-to definition for that term, Dr. Harrington's testimony regarding non-infringement should be excluded.

ECF No. 94.

Smiths responds by claiming "Morpho's argument relies on the wrong technical expert qualification standard – an expert need not be 'a person of ordinary skill in the art' (by definition, no "expert" is)." ECF No. 125. Smiths goes on to

2

argue that the Federal Circuit's holding in <u>SEB S.A. v. Montgomery Ward & Co., Inc.</u>, 594 F.3d 1360 (Fed. Cir. 2010) makes clear that Morpho has mischaracterized the holding of <u>Sundance, Inc. v. DeMonte Fabricating, Ltd.</u>, 550 F.3d 1356 (Fed. Cir. 2009) on this issue, and that other recent cases "hold that a technical expert need not, in order to testify on issues related to infringement and validity, meet the definition of one of ordinary skill in the art." ECF No. 125.

Morpho replies that "[a]lthough Dr. Harrington may be qualified to testify within his area of expertise – the science and operation of IMS detection instruments generally – he should not be permitted to offer expert testimony at trial on non-infringement." ECF No. 146. To allow such testimony would, according to Morpho, expose the jury to unreliable, highly persuasive expert testimony. Morpho further replies that Smiths' reliance on <u>SEB</u> is inapposite because the opinion testimony offered in that case did not relate to invalidity or non-infringement, and did not include opinions on the disclosure of particular art references, the motivation to combine those prior art references, or any other issue that requires interpretation from the perspective of one having at least ordinary skill in the art.

The Court agrees with Morpho. Dr. Harrington admitted that he does not have the experience of one of ordinary skill in the

3

art, which definition was agreed upon by the parties. Therefore, he is not qualified to testify as an expert witness on the issue of non-infringement. Sundance, 550 F.3d at 1361; Borgwarner, Inc. v. Honeywell Int'l, Inc., 750 F. Supp.2d 596, 601 n. 3, 610-12 (W.D.N.C. 2010) (reviewing standard for admission of expert testimony in Fourth Circuit and excluding expert opinion on same grounds as in Sundance). Morpho concedes that Dr. Harrington is qualified to testify as an expert on the science and operation of IMS detection instruments generally, which falls within his expertise as an expert in ion mobility spectrometry, and the Court agrees. Dr. Harrington may so testify. Accordingly, Morpho's motion is **GRANTED**.

## II. Motion to Exclude Testimony of Dr. Ruthven

Morpho seeks, under Fed. R. Evid. 702, to exclude the expert testimony of Douglas M. Ruthven, Ph.D., Sc.D., on the issues of infringement, invalidity, the substance and disclosure of the prior art, and the existence of non-infringing substitutes. Similar to Dr. Harrington, Dr. Ruthven does not possess the minimum experience necessary to qualify as a person of ordinary skill in the art based on the parties' stipulated definition.

Accordingly, for the same reasons discussed above, Morpho's motion to exclude Dr. Ruthven's testimony is **GRANTED**, in part, to the extent that Dr. Ruthven seeks to testify on issues of

4

invalidity, or the substance and disclosure of the prior art, to include how a person of ordinary skill in the art would understand the prior art and whether such a person would be motivated to combine such art. See Sundance, 550 F.3d at 1363 ("Nor may a witness not qualified in the pertinent art testify as an expert on obviousness, or any of the underlying technical questions, such as the nature of the claimed invention, the scope and content of prior art, the differences between the claimed invention and the prior art, or the motivation of one of ordinary skill in the art to combine these references to achieve the claimed invention."). However, Dr. Ruthven is not precluded from testifying generally as an expert in the science of adsorption and adsorption processes, including air drying.

The portions of Morpho's motion challenging Dr. Ruthven's proposed opinions on infringement are deemed **MOOT** because Smiths recently indicated that Dr. Ruthven no longer intends to offer such testimony. ECF No. 276 at 4. Alternatively, the Court notes that its above ruling would preclude such testimony.

The portion of Morpho's motion challenging Dr. Ruthven's testimony regarding "non-infringing alternatives" as unreliable is **DENIED**. Morpho fails to demonstrate that Dr. Ruthven's level of expertise in dryer technology is insufficient to qualify him to testify about the state of dryer technology as of a given point in time. Morpho has also failed to demonstrate that Dr.

5

Ruthven's testimony on such issue is not grounded in fact or is otherwise unreliable such that the entirety of such testimony should be excluded. That said, should more careful line-drawing be necessary regarding certain elements of Dr. Ruthven's testimony either because it: (1) crosses into prohibited testimony on obviousness or invalidity; or (2) lacks an adequate basis in fact, Morpho may raise the appropriate objection at trial. Accordingly, Morpho's motion is **GRANTED**, in part, deemed **MOOT**, in part, and **DENIED**, in part.

### III. Summary

As discussed above, Morpho's motion to exclude Dr. Harrington's testimony regarding non-infringement is **GRANTED** (ECF No. 93), although Dr. Harrington is not precluded from testifying to matters falling within his expertise in ion mobility spectrometry. Morpho's motion to exclude Dr. Ruthven's testimony regarding infringement, invalidity, the substance and disclosure of the prior art, and the existence of non-infringing substitutes, is **GRANTED** in part, deemed **MOOT** in part, and **DENIED** in part (ECF No. 99).

The Clerk is **REQUESTED** to send a copy of this Memorandum Opinion to all counsel of record.

It is so **ORDERED**.

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia
November 30, 2012